## Case No. 7,111.

### In re ISRAEL.

[3 Dill. 511; [1] 12 N. B. R. 204; 2 Cent. Law J. 219.]

Circuit Court, D. Iowa. 1875.

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Howell & Anderson, for petitioning creditors.

Gillmore & Anderson and James Hageman, for bankrupt.

DILLON, Circuit Judge. One proposition of law applied to this case, results in affirming the decree, adjudicating the debtor a bankrupt. It was not denied that a sufficient number of the creditors joined in the proceeding. The contest was whether those who united in the petition and promoted the proceeding, represented one-third in value of the debts over $250 provable in bankruptcy. By his answer the debtor alleged that they did not. The replication of the petitioning creditors to this answer alleged:

1. That all of the creditors named in the answer of the debtor, except the petitioning creditors, were fully secured.

2. That all of said creditors, other than the petitioning creditors, had accepted and still held preferences contrary to the bankrupt act, and in fraud of its provisions. The debtor demurred to the whole replication, and the court below overruled it and the defendant stood upon his demurrer, and did not rejoin to the second ground in the replication. The only rejoinder was to the first ground of the replication, and was to the effect that their debts were not fully secured, but secured only to the extent of $2,000. It stands admitted, therefore, on the record, that all of the creditors specified in the list furnished by the debtor, except the petitioning creditors, had received, and still held fraudulent preferences. These represented more than two-thirds in value of the debts; and the question is, shall they be counted in determining whether the requisite number of creditors, as to value, had joined in the proceedings? On this point I have no doubt whatever. Such a construction as the debtor contends for, would be directly in the face of section 23, as well as hostile to the spirit and purpose of the bankrupt act. A leading object of that enactment is to enable the honest creditor, through the assignee, to defeat unlawful preferences.

Shall a debtor, by fraudulently preferring three-fourths and a fraction in number, or two-thirds and a fraction in value of his creditors, put it in their power to make the fraud effectual by refusing to commence bankruptcy proceedings, or what results in the same thing, requiring them to be counted as creditors on the question whether bankruptcy proceedings shall be initiated. If the debtor is not thrown into bankruptcy, their preferences stand, and the law is evaded. If he is thrown into bankruptcy, they lose, or, are liable to lose, their illegal advantage. Such a construction makes the act felo de se. It offers a premium to fraud, and would leave nothing of the bankrupt act worth saving.

The honest creditor who refuses to violate the law and take a preference, would alone suffer, while the unscrupulous creditor would reap the harvest of his unlawful security. It would leave the unsecured creditors wholly at the mercy of those that have obtained illegal preferences. This disposes of the case without determining the other questions, whether creditors, who hold valid securities, shall be counted in whole or for the excess of debt over the security. Without deciding this I may add, that the course of the argument, based upon section 9 of the amended act, sections 19 and 23, of the original act, and forms 21 and 25, and sections 39 and 43, as amended, rather impressed me with the opinion that a secured creditor is prima facie, at least as to the debt secured, not to be counted, but if he comes forward and offers to surrender his security, he is then to be regarded as an unsecured creditor. Possibly, but this is more doubtful, on proper proceedings an inquiry may be had at the instance of a secured creditor, to ascertain the excess of the debt over the security held therefore. But I give no opinion on these questions, and reserve them until a case arises which shall make their determination necessary. Affirmed.